IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STATESMAN II APARTMENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-805C |
| v. | ) | |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

### Preliminary Statement

1. The allegations contained in paragraph 1 are plaintiff's characterization of this action or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

### Jurisdiction

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

### Parties

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, except to admit that Statesman Apartments is located at 16705-16825 Van Aken Boulevard, in Shaker Heights, Ohio, and consists of 20 one-bedroom dwelling units and 27 two-bedroom dwelling units.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, except to admit that the Department of Housing and Urban Development (HUD) is an agency of the United States.

**Statement of Operative Facts**

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent supported by the HAP Contract, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 7.

8. Admits the allegations contained in the first sentence of paragraph 8; denies the allegations contained in the second sentence of paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the HAP Contract, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; defendant respectfully refers the Court to the cited statute for a complete statement of its contents.

11. Admits the allegations contained in paragraph 11 to the extent supported by the HAP Contract for Statesman Apartments, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the HAP Contract for Statesman Apartments, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the legislation cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 13; defendant respectfully refers the Court to the cited legislation for a complete statement of its contents.

14. Admits the allegation contained in the first sentence of paragraph 14; admits the allegations contained in the second, third, and fourth sentences of paragraph 14 to the extent supported by HUD Notice 95-12, which is the best evidence of its contents; otherwise, denies the allegations contained in the second, third, and fourth sentences of paragraph 14; defendant respectfully refers the Court to HUD Notice 95-12 for a complete statement of its contents; the allegations contained in the fifth sentence of paragraph 14 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Count I**

**(Breach of Contract Annual Rent Adjustment)**

15. Admits.

16. Admits.

17. The allegations contained in paragraph 17 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. Denies.

19. Denies the allegations contained in paragraph 19, except to admit that the contract rents under the HAP Contract for Statesman Apartments were not adjusted annually during the 1995-2002 time frame.

20. Denies.

21. Denies.

**Count II**

**(Breach of Contract - One Percent Reduction)**

22. Defendant incorporates by reference its responses to paragraphs 1 through 21 of the complaint.

23. Denies.

**Count III**

**(Breach of Contract - Over-all Limitation)**

24. Defendant incorporates by reference its responses to paragraphs 1 through 23 of the complaint.

25. Denies.

**Count IV**

**(Breach of Contract - Comparability Studies and Time Limits)**

26. Defendant incorporates by reference its responses to paragraphs 1 through 25 of the complaint.

27. Denies.

28. Denies the allegations contained in paragraph 28, except to admit that, by letter dated April 2, 2004, plaintiff requested rent adjustments under the HAP Contract for Statesman Apart-

ments for the years 1998, 1999, 2000, 2001, and 2002, and that, on April 23, 2004, HUD denied the requested rent adjustments.

29. Denies each and every allegation not previously admitted or otherwise qualified.

30. Denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(FAX)(202) 514-8624

Attorneys for Defendant

OF COUNSEL:

C. ALLEN VILLAFUERTE
Trial Attorney
Office of General Counsel
Department of Housing
and Urban Development
Washington, DC

JULY 9, 2004