U.S. Department of Housing and Urban Development
HOUSING

Special Attention of:

State Coordinators; Directors of Housing; Directors, Multifamily Housing Division, Multifamily Housing Management and Development Branch Chiefs; Contract Administrators; Owners and Managers of Projects with Section 8 Contracts Adjusted by the Annual Adjustment Factor.

**Notice** H 95-12 (HUD)

Issued: 3/7/95
Expires: 9/30/95

Cross References:

Subject: Annual Adjustment Factor Rent Increase Requirements Pursuant to the Housing Appropriations Act of 1995

**BACKGROUND.** On September 28, 1994, P.L. 103-327, "Department of Veterans Affairs and Housing and Urban Development and Independent Agencies Appropriations Act, 1995," was enacted. Among the many measures developed in this bill, emphasis was placed on utilizing the mechanism in the Section 8 contract language which permits an analysis on the reasonableness of the AAF formula as it is applied to each project unit type. Under this Notice, review of AAF under the Overall Limitation clause of the HAP Contract would apply to Section 8 New Construction and Substantial Rehabilitation Properties where Section 8 rent levels for a unit type presently exceed the published Existing Housing Fair Market Rents (FMR) (See Part 1, below). For Section 8 New Construction and Substantial Rehabilitation Properties where rent levels for a particular unit type do not exceed the Existing FMR AND for all Loan Management Set Aside (LMSA) and Property Disposition (PD) Section 8 AAF Contracts, the method of rent adjustment under this Notice will continue to be by applying the appropriately published AAF (See Part 2, below).

In Federal Fiscal Year 1995, HUD is publishing two tables of AAFs. Table One for turnover units and Table Two for non-turnover units. In situations where the review of comparable properties is not required by this Notice, or this review does not prohibit the application of the AAF, HUD will apply the appropriately published AAF for each unit.

**EFFECTIVE DATE:** To effect all applicable contracts with HAP anniversary dates from the date of issuance to the end of Federal FY 1995 (through September 30, 1995). In order to allow time for owners to conduct the comparability study, contracts with HAP anniversary dates which fall within the first sixty (60) days after this Notice is issued:

- will be permitted to have any rent increase paid retroactive to the HAP anniversary date, so long as

- a request which meets the requirements of this Notice is received no later than sixty (60) days after the date this Notice is issued.



HMHP : Distribution: W-3-1, W-2(H),W-3(A)(OGC)(ZAS),W-4(H),R-1,R-2,R-3-1(H)(RC), R-3-2,R-3-3,R-6,R-6-2,R-7,R-7-2,R-8

If the request is submitted after the first sixty (60) days, the increase will be effective 60 days after receipt of the required material is submitted.

NOTE: If the Field Office has already issued the rent increase approval letter and/or a new Rent Schedule implementing the AAF(s) for FY 1995, these rents will remain the approved rents regardless of whether or not they have been made effective at the property by the issuance date of this Notice. If a Field Office has approved the application of the AAF to contract rents, for FY 1995, the approved rents will not be reconsidered under the procedures of this Notice.

The requirements outlined in this Notice may not be waived by the Local HUD Office.

APPLICABILITY: This Notice has been broken into two parts for clarification purposes. The requirements outlined within, are applicable to the following types of Section 8 contracts where rents are adjusted via the AAF (regardless of whether or not the owner is required to request the AAF), in the following manner:

1. **PART 1:** New Construction and Substantial Rehab Contracts where the existing contract rent for the specific unit type (prior to the FY 1995 adjustment) exceeds the current published applicable Existing FMR.

2. **PART 2:** New Construction and Substantial Rehab Contracts where the existing contract rent for the specific unit type (prior to the FY 1995 adjustment) DOES NOT exceed the current published applicable Existing FMR; AND

   All Section 8 Loan Management and Property Disposition Contracts in which the method of adjustment is the Annual Adjustment Factor (AAF).

**NOTE: Section 8 Moderate Rehabilitation Programs and the Section 8 Certificate Program (Tenant-based and Project-based) are NOT covered by this Notice. Section 8 Contracts adjusted by the budget-based method are also NOT covered by this Notice.**

While the comparability provision of this Notice applies only to Section 8 New Construction and Substantial Rehabilitation Contracts (Part 1), this does not prohibit HUD from publishing regulations and requiring comparability studies on all AAF adjusted HAP Contracts.

PURPOSE. The purpose of this notice is to outline the processing instructions Local HUD Offices will follow in processing rent increases for properties where the method of rent adjustment specified in the contract is the AAF.

**PART 1: NEW CONSTRUCTION AND SUBSTANTIAL REHABILITATION CONTRACTS WHERE CURRENT CONTRACT RENTS ARE ABOVE THE PUBLISHED FMRs:**

If current project rents on a SR or NC contract (before the application of the AAF) are above the published FMR for the area then in order to receive a rent increase, the owner must submit, at least 60 days prior to the HAP contract anniversary date, form HUD 92273, Estimates of Market Rent by Comparison, (see Handbook 4480.1) completed by a non-identity of interest, state certified, general appraiser, FOR EACH UNIT TYPE (e.g. 1 BR, 2 BR, etc). This form must contain at least three examples of unassisted housing in the same market area of similar age, type and quality. (If the owner fails to submit the information required by this Notice at least 60 days before the contract anniversary date, then the rent levels will not be adjusted on the contract anniversary date, rather the new rent levels will go into effect 60 days after receipt of the required information. However, if the owner fails to submit this information by the date of the FY 1996 HAP contract anniversary, then no increase will be granted for the FY 1995 contract year.) If Loan Management Staff is in question regarding the amount charged to the property for preparation of this form, they should request the owner submit evidence of compliance with the guidelines set forth in Paragraph 6.50, Handbook 4381.5, REV-2.

Once HUD receives the form HUD 92273 evidencing rent levels in similar housing, Housing Development staff should review and approve the completed form if the Correlated Subject Rent listed on form HUD-92273 is greater than 105% of the current contract rent level for that unit type, or if there is concern regarding the comparable properties. The owner should also be notified by Development Staff for correction of any deficiencies which may exist on the HUD-92273. Once approved (if necessary), Loan Management staff will apply the published AAF in Table 1 to answer the question for each unit type, **"Will the resulting rent level still be lower than the owner submitted comparable rent?"** (NOTE: Throughout this Notice when applying the published AAF, the factor of 1.000 should be used in all cases where the published factor is below 1.000.)

A. **If yes**, then the published AAF factor in Table One (see Appendix 1) is the factor that would be applied to all units in which turnover occurred since the last HAP anniversary date (see Appendix 4). The published AAF in Table Two would be used for units in which turnover had not occurred.

B. **If no**, then Loan Management Staff would need to assure that the initial difference which existed in the initial contract rents is protected, as required by the contract. The initial difference is the dollar amount by which the initial Section 8 contract rents exceeded the original comparable rents (or the Fair Market Rents if they were originally used instead of comparables). The owner must submit evidence of the initial difference which existed in the initial contract rents. If the owner does not submit evidence of this figure to HUD and the initial difference is not documented in the project file maintained by

the local HUD Office, then the Loan Management Staff should use the amount equal to 10% of the initial Section 8 contract rent for that unit, as a substitute for the initial difference.

In determining whether or not the AAF should be denied, the HAP contract provides for the following:

> "...adjustments as provided in this Section shall not result in a material difference between the rents charged for assisted and comparable unassisted units, as determined by HUD; *provided that this limitation shall not be construed to prohibit differences in rents between assisted and comparable unassisted units to the extent that such differences may have existed with respect to the initial contract rents.*"(form HUD-52751, Paragraph 1.8(d), emphasis added)

In protecting the difference which existed in the initial contract rents, HUD has developed a term known as the Initial Difference. This is a dollar figure which existed between the initial Section 8 contract rents and the original comparables. (For Financial Adjustment Factor (FAF) properties, this should also include the original dollar figure of the FAF, if the FAF has not been removed as a part of a refinancing transaction.) The regulations permitted this difference to be between zero and 20% of the original comparables (or the FMRs). In order to provide a fair number to owners who may not be able to show proof of the initial difference which existed in the initial Section 8 contract rents, HUD will use 10% of the initial Section 8 contract rent (plus the FAF, if applicable) where evidence of the initial difference cannot be provided by the owner.

Once the initial difference is determined for each unit type, either by owner documentation or by HUD, it should be added on to the comparable rent for each unit type to determine what is the maximum permissible rent level allowed for each unit. This will be referred to as the Adjusted Comparable Rent. This rent level will then be compared to the rent level adjusted by the Table One AAF, for each unit type. The lower of the two rent levels will become the new effective rents (unless this would require a rent reduction, then the current contract rent level will be maintained. No increase or decrease would be granted.)

- **If application of the Table One AAF produces the lower rent,** then HUD must take into account the unit turnover count submitted by the owner in determining what AAF to apply. Appendix 1, Table 1 will be used for units with turnover, while Table Two will be used for those units in which no turnover occurred. Once the rent for each unit has been determined, all the unit rent levels will be added together to

calculate a new monthly Gross Rent Potential (GRP) for that specific unit type. This monthly GRP will then be divided by the number of units for that specific unit type to derive what the new monthly rent will be for all units of the specific unit type.

- **If the lower rent level is the adjusted comparable rent level, then** this rent level will be applied to all units regardless of turnover.

The owner will then be notified of the new rent level. The Field Office Worksheet (see Appendix 2) used to derive this new rent level should be attached to all correspondence informing the owner of the new rent level.

**UNDER NO CONDITION WILL A RENT ADJUSTMENT RESULT IN A RENT DECREASE FOR SECTION 8 NEW CONSTRUCTION AND SUBSTANTIAL REHABILITATION CONTRACTS.** If an owner does not request an increase or fails to submit a request based on the guidelines in this chapter, then the rents will remain the same as the current contract rents, unmodified by HUD or the Contract Administrator. Rent decreases in Section 8 New Construction and Substantial Rehab properties are specifically prohibited by law, unless the project has been refinanced and the refinancing reduces owner's periodic payments. Throughout this Notice when applying the published AAF, the factor of 1.000 should be used in all cases where the published factor is below 1.000.

**EXAMPLES OF IMPLEMENTATION:**

A New Construction Project with 100% Section 8 adjusted by the AAF. The property has 100 units, 20 have turned over since the last anniversary date, and 10 have remained vacant since the last anniversary date. The rents at this property for 1 BR units are $400 and $500 for 2 BR units. The initial Section 8 contract rents on this property in 1979 were $210 for 1 BR units and $260 for Two Bedroom Units. Published FMRs for this area are $375 for a 1 BR and $475 for a two bedroom. The published AAF in Table 1 (AAF for Turnover Units) is 1.054 and the published AAF in Table 2 (AAF for Non-Turnover Units) is 1.044.

*Scenario 1: Project is eligible to receive the AAF based on the comparable*

The owner submits a form HUD-92273 for the 1 BR rents and a form HUD-92273 for 2 BR rents, both completed by a non-identity of interest, state certified, general appraiser. The Correlated Subject Rent on these forms are $410 for a 1 BR and $510 for a 2 BR. HUD receives these forms 60 days prior to the anniversary date and begins processing for a thirty day turnaround.

Applying the Table One AAF to the current rents of $400 and $500 would result in new rent levels of $422 and $527, both above the rent levels which the comparable produced. The owner did not submit evidence of the initial difference, so the Loan Management staff would use 10% of the initial Section 8 contract rent as a substitute for the initial difference.