IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STATESMAN II APARTMENTS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Nos. 04-805C, 04-806C (consolidated) |
| v. | ) | |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE
NOTICE OF SUPPLEMENTAL AUTHORITY AND
NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant, the United States, respectfully requests leave of this Court to file a notice of supplemental authority relevant to the following issues that are the subject of the pending cross motions for summary judgment submitted to the Court in this case: (1) whether the Government breached plaintiffs' Section 8 Housing Assistance Payments (HAP) contracts by publishing different annual adjustment factors (AAFs) for purposes of adjusting the rents of "turnover" and "non-turnover" units subsidized by the HAP contracts and (2) whether HUD Notice 95-12 breached plaintiffs' HAP contracts insofar as it provides, with respect to annual rent adjustments, that a "material difference" between the rents of assisted and comparable unassisted units exists where a contract rent resulting from a AAF-based rent adjustment would exceed the sum of the comparable unassisted rent and the amount of any difference between the rents of assisted and comparable unassisted units that existed with respect to the initial contract rents. See "Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment and defendant's Opposition to Plaintiffs' Cross-Motion for Summary Judgment Upon Liability Issues" dated February 4, 2005, at 1-2.

The supplemental authority is Cuyahoga Metropolitan Housing Authority v. United States, Nos. 01-46C, 01-251C, 01-416C (June 2, 2005), a copy of which is appended to this motion. In that decision, the court held that the provision of 42 U.S.C. § 1437f(c)(2)(A) (1994) which requires that AAFs be reduced by one-percent in the case of non-turnover units did not breach, or result in a breach of the plaintiffs' HAP contracts, see id., at 10, and that, where the initial differences to be preserved in rent adjustments are not *de minimis* or nonexistent, the view of material difference reflected in HUD Notice 95-12 is reasonable and not inconsistent with the plaintiffs' HAP contracts. See id., at 19-25. The court in Cuyahoga also declined to apply the doctrine of judicial estoppel against the Government with respect to the view of material difference reflected in HUD Notice 95-12. See id., at 25-35.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(FAX)(202) 514-8624

Attorneys for Defendant

OF COUNSEL:

C. ALLEN VILLAFUERTE
Trial Attorney
Office of General Counsel
Department of Housing
and Urban Development
Washington, DC

JUNE 3, 2005