IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STATESMAN II APARTMENTS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Nos. 04-805C, 04-806C (consolidated) |
| v. | ) | |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY**

Pursuant to RCFC 37(b)(2)(B),[1] defendant, the United States, respectfully requests that the Court exclude from the trial of this case opinion testimony by plaintiffs' designated expert witness, Richard G. Racek, Jr., MAI, either based upon or otherwise relating to Exhibit Nos. 5 and 6 on "Plaintiffs' Exhibit List" dated March 10, 2006.

BACKGROUND

Exhibit Nos. 5 and 6 on "Plaintiffs' Exhibit List" dated March 6, 2006, are excerpts from a rental housing publication for the Cleveland, Ohio area and portions of the advertisements section in three editions of a Cleveland daily newspaper in 1982. Nothing in these documents is discussed in any of the reports issued by Mr. Racek or plaintiffs' expert testimony disclosure pursuant to RCFC 26(a)(2). See "Plaintiff's Designation of Expert Witness" dated November 8, 2005, Def. App. 1-4.[2]

---

[1] Rule 37(b)(2)(B) provides, in pertinent part, that, "[i]f a party fails to obey an order entered under RCFC 16(b), the court may make such orders in regard to the failure as are just, and among others the following: . . . (B) [a]n order . . . prohibiting [the disobedient party] from introducing designated matters in evidence . . . ." Rule 16(b)(3) provides for the entry of a scheduling order "that limits the time . . . to complete discovery."

[2] "Def. App. ____" refers to the referenced page(s) of the appendix attached to this motion.

The Court's September 2, 2005 Scheduling Order establishes a December 16, 2005 deadline for the production of expert reports, a January 13, 2006 deadline for the production of expert rebuttal reports, and a January 27, 2006 deadline for depositions of experts. Plaintiffs initially identified Exhibit Nos. 5 and 6 for the Government and provided us with copies of them at the meeting of counsel on February 8, 2006.

ARGUMENT

Rule 26(a)(2)(A) provides that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." The rule "identifies the manner of disclosure as well as the specific disclosures to be made concerning a retained expert." Nguyen v. IBP, Inc., 162 F.R.D. 675, 679 (D. Kan. 1995).[3/] Except as otherwise stipulated or directed by the court,[4/] the disclosure required by Rule 26(a)(2)(A) for a retained expert, such as Mr. Racek, must be "accompanied by a written report prepared and signed by the witness" that contains, among other things, a "complete statement of all opinions to be expressed and the basis and reasons therefor," the "data or other information considered by the witness in forming the opinions," and any "exhibits to be used as a summary of or support for the opinions." RCFC 26(a)(2)(B); see also Smith v. State Farm Fire

---

[3] RCFC 26(a)(2) mirrors Fed. R. Civ.P. 26(a)(2). The Rules Committee Note to RCFC 26 states that "RCFC 26 has been revised to parallel the structure and content of its counterpart in the Federal Rules of Civil Procedure" and that, except for a "limited number of changes" "necessary to accommodate the nature and jurisdiction of this court," "the rule shown conforms fully to the text of [Fed.R.Civ.P. 26]."). In applying the Rules of the Court of Federal Claims, the Court "examines the general federal law interpreting the corresponding Federal Rule of Civil Procedure as persuasive." Wheeler v. United States, 11 F.3d 156, 157n.1 (Fed. Cir. 1993); accord Exxon Research and Engineering Co. v. United States, 44 Fed. Cl. 597, 599 (1999).

[4] There is no such stipulation by the parties or directive by the Court in the present case.

and Casualty Co., 164 F.R.D. 49, 53 (S.D. W.Va. 1995) (construing Fed.R.Civ.P. 26(a)(2)(B)); Nguyen, 162 F.R.D. at 679 (same).[5] The purposes of Rule 26(a)(2)(B) & (b)(4)(A) are "the elimination of unfair surprise to the opposing party and the conservation of resources[.]" Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir.), cert. denied, 516 U.S. 822 (1995).[6]

Defendant's counsel understands, based upon discussion with plaintiffs' counsel during the February 8, 2006 meeting of counsel, that plaintiffs intend to elicit opinion testimony from their expert, Mr. Racek, at the trial of this matter that is based upon or otherwise relates to plaintiffs' Exhibit Nos. 5 and 6. Plaintiffs, however, have not disclosed to the Government any such opinion testimony and the deadline established by the Court for doing so has passed.

CONCLUSION

For the foregoing reasons, defendant's motion to exclude should be granted and the Court should exclude from the trial of this case any opinion testimony by plaintiffs' designated expert witness, Richard G. Racek, Jr., MAI, based upon or otherwise relating to Exhibit Nos. 5 and 6 on "Plaintiffs' Exhibit List" dated March 10, 2006.

---

[5] The Rule 26(a)(2)(B) requirement for a written report by a retained expert "is best understood when read in conjunction with Rule 26(b)(4)(A)." Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996). Rule 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial" and that, "[i]f a report is required under [Rule 26(a)(2)(B)], the deposition shall not be conducted until after the report is provided." Deposition testimony "does not cure deficiencies in the Rule 26(a)(2)(B) notice." Lamarca v. United States, 31 F.Supp.2d 110, 123 (E.D.N.Y. 1998).

[6] Those objectives are reflected in the commentary to Fed.R.Civ.P. 26(a)(2)(B) & (b)(4)(A). See Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26, subdivisions (a)(2) & (b), 146 F.R.D. 401, 634, 638-39.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(FAX)(202) 514-8624

Attorneys for Defendant

OF COUNSEL:

C. ALLEN VILLAFUERTE
Trial Attorney
Office of General Counsel
Department of Housing
and Urban Development
Washington, DC

MARCH 31, 2006